**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**KELVIN JACKSON**                                                                                   **PETITIONER**

**v.**                                                            **CIVIL ACTION NO. 1:13cv505-KS-MTP**

**RONALD KING**                                                                                   **RESPONDENT**

**REPORT AND RECOMMENDATIONS**

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] under 28 U.S.C. § 2254, filed by Petitioner Kelvin Jackson. Respondent filed his Response [11] to the Petition on June 5, 2013. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition [1] be dismissed with prejudice.

**BACKGROUND**

At the time Petitioner Kelvin Jackson filed his Petition [1], he was an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), and housed at the South Mississippi Correctional Institution ("SMCI"). On May 20, 2011, Jackson was sentenced to a three-year term of imprisonment for possession of a firearm by a convicted felon and possession of marijuana in the Circuit Court of Lowndes County, Mississippi.[1] Having completed his sentence, Jackson was released from prison on May 28, 2013, and is now on parole under the supervision of the MDOC.[2]

---

[1]See Petitioner [1] at

[2]*See* Mississippi Parole Board Information [41-1]. The petitioner's release from custody does not necessarily render a habeas petition moot. *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) ("In this case, the possibility that the district court may alter [petitioner's] period of supervised release . . . if it determines that he has served excess prison time, prevents [the] petition from being moot.") (citing *Ojo v. INS*, 106 F.3d 680, 681 n.2 (5th Cir. 1997) (holding that petitioner who had completed his prison term and was in his three-year term of supervised release was "in custody" for habeas purposes)).

Jackson filed the instant Petition on or about November 7, 2012,[3] in which he challenges two disciplinary convictions he received while in MDOC custody. Both convictions arise from an incident that occurred on October 16, 2011, while Jackson was incarcerated at SMCI. According to the Rule Violation Reports ("RVRs'), correctional officer Chandlin Figgers discovered a cell phone among Jackson's belongings while conducting a routine search of his housing unit. Following the discovery of the cell phone, Jackson grabbed Figgers and struck him in the back. Figgers states that he struck Jackson three times in order to free himself.[4] Soon thereafter, Figgers issued two RVRs to Jackson. The first, RVR No. 1143815, was issued for "involvement in disruptive, assaultive, or criminal gang activity." The second, RVR No. 1143816, was issued for "possession of major contraband."[5]

An investigation of Jackson's altercation with Officer Friggers commenced and was completed later on October 16, 2011. Jackson attended a disciplinary hearing on October 17, 2011, where he was found guilty of both RVRs. Jackson testified at the hearing, stating: "I was asleep. I never put my hands on him. If I had, I would have hurt him." In regard to RVR No. 1143815, Jackson was sentenced to a loss of 163 days earned time. In regard to RVR No. 1143816, Jackson was sentenced to a loss of ninety (90) days trusty time and thirty-six (36) days meritorious earned time ("MET") for a total of 126 days.[6]

---

[3]Petition [1] at 14.

[4]*See* Rule Violation Reports [14-2] & [14-3].

[5]*Id.* Although Jackson only cites the review of RVR No. 1143816 as the basis of his Petition, he clearly raises issues in connection to both RVRs throughout his submission, and all his grounds for relief presently before the Court were also presented to the Mississippi Supreme Court.

[6]*Id.* Although

Jackson appealed RVR No. 1143815 through the Administrative Remedy Program ("ARP") at SMCI. His grievance was denied on April 26, 2012.[7] Jackson appealed the ARP decision to the Greene County Circuit Court on June 6, 2012. The State court affirmed the ARP decision on August 14, 2013.[8] Jackson then filed a Petition for Writ of Prohibition in the Mississippi Supreme Court,[9] but the petition was dismissed on November 14, 2012, when Jackson failed to provide the court with a mail log to establish that the appeal was timely filed.[10]

Jackson also appealed RVR No. 1143816 through the ARP process at SMCI, where his grievance was denied.[11] On or about September 6, 2012, Jackson filed a Petition for Writ of Prohibition in Greene County Circuit Court,[12] which was likewise denied on September 11, 2012.[13] Finally, Jackson filed a Writ of Prohibition in the Mississippi Supreme Court on September 26, 2012,[14] which was denied on October 3, 2012.[15]

In the instant Petition, Jackson argues that he is entitled to habeas relief for the following reasons: (1) the hearing officer found him guilty without a report from an unbiased investigator; (2)

---

[7]*See* ARP No. SMCI-12-350 [14-5].

[8]*See* Petition [14-6]; Order Affirming Decision [14-7].

[9]*See* Petition [14-8].

[10]*See* Order [14-9].

[11]*See* ARP SMCI-12-696 [14-10].

[12]*See* Greene County Circuit Court Petition[14-11].

[13]*See* Order Affirming Decision [14-12].

[14]*See* Mississippi Supreme Court Petition [14-13].

[15]*See* Order [14-14].

the hearing officer arbitrarily took away his trusty earned time; (3) the hearing officer failed to afford him an adequate investigation and did not base her finding on the evidence presented at the hearing; and (4) the Greene County Circuit Court erred in considering his petition as a "Petition to Show Cause" rather than a petition for writ of habeas corpus.[16] Jackson requests an evidentiary hearing and reinstatement of his earned time.[17]

## ANALYSIS

The Antiterrorism and Death Penalty Act of 1996 provides that a habeas petition submitted by an inmate in State custody cannot be granted in regard to claims that were adjudicated on the merits in State court unless the adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law;" or (2) "resulted in a decision that was based on unreasonable application of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Federal courts review pure questions of law, as well as mixed questions of law and fact, under subsection (d)(1). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). For purposes of subsection (d)(1) analysis, "unreasonable" does not equate with "incorrect," *Garcia v. Dretke*, 388 F.3d 496, 500 (5th Cir. 2004), nor may a federal court grant habeas relief based on a mere disagreement with the state court decision. *Williams v. Cain*, 125 F.3d 269, 276-77 (5th Cir. 1997). Pure questions of fact are reviewed under subsection (d)(2). *Corwin v. Johnson,* 150 F.3d 467, 471

---

[16]*See* Petition [1] at 5, 6, 8, & 9-10.

[17]*Id.* at 14. The undersigned also notes that Respondent filed a Motion to Dismiss [7] Jackson's petition for failure to exhaust state remedies. The Court denied the Motion [7] by Opinion and Order [13], stating that Jackson's second petition to the Mississippi Supreme Court sought the same substantive relief as the instant Petition, and thus, he has exhausted his state remedies.

(5th Cir. 1998). Determination of a factual issue made by a state court is entitled to a presumption of correctness which the petitioner has the burden of rebutting by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Schriro v. Landrigan*, 550 U.S. 465, 474-74 (2007). Federal courts may decide the issues presented by the habeas petition "only to the extent that federal constitutional issues are implicated." *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986).

*Due Process*

Jackson argues that his due process rights were violated during the investigation of the incident with Officer Friggers and the subsequent disciplinary hearing. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court held that the loss of good conduct time, which results in an inmate's confinement being extended, requires due process. As outlined above, Jackson lost significant time credits as a result of the hearing, and thus, he is entitled to due process protection.

The Supreme Court in *Wolff* outlined the procedures necessary to protect the due process rights of an incarcerated individual. The Court noted that due process in the context of prison discipline differs from due process in the context of criminal law, in that "the full panoply of rights" do not apply. 418 U.S. at 556. In order for due process to be satisfied in a prison disciplinary hearing, an inmate must receive: (1) twenty-four hours advance written notice of the charges; (2) a written statement by an impartial fact finder as to the evidence relied on and reasons for the disciplinary action; (3) an opportunity to call witnesses and present documentary evidence; and (4) when an illiterate inmate is involved or in an especially complex case, and inmate may seek the aid of a fellow inmate or prison staff member. *Id.* at 564-70.

In Grounds One and Three, Jackson asserts that he was not afforded an investigation by an impartial official and that he generally received an inadequate investigation prior to the hearing.

However, pursuant to the Supreme Court's holding in *Wolff*, prison officials are only required to provide an inmate twenty-four hour advance notice of a disciplinary hearing and an opportunity to present a defense. *Wolff* does not mandate an investigation of the underlying incident, much less an investigation conducted by an official the inmate deems impartial or an official of the inmate's choosing.

The record reflects that Jackson received the due process protections guaranteed by *Wolff*. First, while the hearing took place soon after the underlying incident, Jackson signed both the RVR and a separate document that reflect he was given twenty-four hours written notice of the hearing.[18] Second, the hearing officer clearly stated on Jackson's RVR that she found him guilty for the reasons set forth in the staff report.[19] Third, Jackson's signature on his RVR reflects that he did not wish to present witnesses and other evidence.[20] Finally, Jackson signed a Miranda Rights form that apprised him of his right to have someone assist him prepare for the hearing.[21]

Therefore, for these reasons, the undersigned finds that the Mississippi Supreme Court's denial of Jackson's Petition in regard to his due process arguments was not contrary to, or an unreasonable application of, clearly established federal law.

***Loss of Good Conduct Time***

Jackson complains in Ground Two that the hearing officer "arbitrarily forfeited his trusty earned time." Specifically, Jackson argues that RVR No. 1143816 resulted in a loss of 163 days of

---

[18]*See* RVR [14-3]; 24 Hour Rule Violation Notice [14-15].

[19]*See* RVR [14-3].

[20]*Id.*

[21]MDOC Disciplinary Statement Forms [14-4].

6

earned time, which Jackson states exceeded the total amount of time credits he possessed at the time of the hearing. As a result, Jackson argues that the was required to "remain in prison longer than required."

Respondent concedes that the time credit outlined by Jackson's RVR exceeded the time credits he had the time of his disciplinary hearing, but argues that it was a clerical error that was ultimately resolved. In support of this argument, Respondent attaches Jackson's sentence computation record, which shows that Jackson earned a total of ninety-six days of earned time prior to his disciplinary hearing. No matter the number of credits listed on the RVR, the record shows that Jackson lost only ninety-six days of earned time as a result of RVR No. 1143815.[22] Thus, Jackson was not deprived of time credits exceeding those he already earned. The undersigned also notes Jackson's maximum discharge date never changed during the time of his incarceration.

The undersigned finds that Jackson's arguments regarding the loss of his good time credit are without merit, and that the Mississippi Supreme Court's denial of his Petition on this ground was not contrary to, or an unreasonable application of, clearly established federal law.

*Sufficiency of the Evidence*

In Ground Three, Jackson argues that his the hearing officer based his disciplinary conviction on evidence presented at the hearing. To the extent Jackson argues that his disciplinary conviction was unsupported by the evidence, the undersigned finds that he is not entitled to habeas relief for the reasons set forth below.

In order for a prison disciplinary hearing decision to meet the constitutional standard there must merely be "some evidence" to show that the inmate committed the offense in question.

---

[22]*See* MDOC Sentence Computation Record [14-16].

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). In analyzing whether this standard has been satisfied, the court is not required to examine the entire record, independent assessment of the credibility of the witnesses or the weighing of the evidence. *Id.* at 455. Rather, the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56; *see also United States ex rel. Tisi v. Tod*, 264 U.S. 131, 133-34.

In this case, the hearing officer considered Officer Friggers's version of events, as set forth in the RVR, as well as the results of the investigation conducted soon after the incident. Although Jackson offered conflicting testimony, stating that he was asleep during the search of his unit and did not touch Officer Friggers, the hearing officer believed Officer Friggers. In this case, there was clearly "some evidence" to support the hearing officer's finding. *See Hill*, 472 U.S. at 456. Accordingly, the undersigned finds that the Mississippi Supreme Court's denial of Jackson's Petition as to this ground was not contrary to, or an unreasonable application of, clearly established federal law.

***Treatment of Jackson's Petition by the Greene County Circuit Court***

Jackson argues that the Greene County Circuit Court wrongfully considered both his State court habeas petitions as a "Petition to Show Cause." Both orders of the circuit court affirming the decisions of the ARP provide:

> THIS CAUSE came before the Court on a Petition for Writ of Habeas Corpus filed by the plaintiff, but pursuant to Miss. Code Ann. § 47-5-803, the court will treat it as a Petition for an Order to Show Cause and the Court, having been fully advised in the premises, finds that the ARP decision should be affirmed.[23]

---

[23]Orders Affirming Decision [14-7] & [14-12].

Section 47-5-803 of the Mississippi code simply provides that upon a state inmate's completion of the administrative review procedure at a correctional facility, the inmate may seek judicial review of the outcome in state court. Such review considers whether the ARP decision violates constitutional or statutory rights of the aggrieved party. *See Ross v. Epps*, 922 So. 2d 847, 849 (Miss. App. 2006). Thus, it appears that Jackson's challenge is merely one of semantics. No matter the title of Jackson's submission, the circuit court clearly considered whether the ARP decisions were supported by substantial evidence and whether they violated Jackson's rights. Furthermore, Jackson has cited no resulting prejudice of the circuit court's treatment of his pleadings, as he has been able to present his claims in petitions to the Mississippi Supreme Court,[24] as well as the instant Petition submitted to this Court. Accordingly, the undersigned finds that Jackson is not entitled to habeas relief as to this ground.

*Request for Evidentiary Hearing*

Finally, Jackson requests an evidentiary hearing in his Petition. Title 28 of United States Code § 2254(e)(2) sets forth the standard for granting evidentiary hearings on federal habeas petitions, and provides in the pertinent part:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on this claim unless the applicant shows that –
>
>   (A) the claim relies on –
>
>     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

---

[24]*See* Petition [14-13]; Order [14-14].

      (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

In this case, Jackson does not assert a new rule of constitutional law applicable to his case or identify any factual predicate that was previously undiscoverable. Accordingly, Jackson's request for an evidentiary hearing should be denied.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] filed by Kelvin Jackson be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 21st day of August 2015.

s/ Michael T. Parker
United States Magistrate Judge